McCauley, J.
The serious question, in this case, on the trial in the common pleas, was whether or not, the facts of the case made the defendant liable. The petition alleges a failure to ring the bell or sound the whistle of the locomotive at a road crossing, in consequence of which the injury occurred. The proof shows that Depew, the plaintiff, had business with the agent of the Company at Gibson’s station, and after he had finished his business at the office of the Company, he went eastward intending to go to the rear car of that part of the train east of the east county road.
The proof also shows, and the testimony of the plaintiff *126 himself is, that while he was going to the rear car of the train, he saw the locomotive with two cars attached standing on the main ti'ack, that he Avent eastward to a point about thirty yards west of the east county road, Avalking between the main track and the side track, and' there stepped on the main track and Avalked upon it, knoAving the engine and cars were standing a short distance west of Avhere he got on the.track, and knowing also that they Avere likely to move toward him at any moment.
When he stepped on the track he looked at the train and it was standing still. He then Avalked along the track eastward, and did not again look around to see Avhether it was standing or moving.
He claims that Avhile he AVas thus walking on the track he omitted to look around, because he expected if the train moved, he would hear a signal from the locomotive, and • hearing none he kept on his way until the backing cars struck him.
. It is very clear from the facts testified to by the plaintiff, that the liability of the defendant does not depend upon the failure of its employés operating the train, to give notice of its approach to a road crossing. The plaintiff Avas not upon a public road and the injury did not occur upon a road.
This is the ground of liability alleged in the petition, and AA'hile the proof does not tend to sustain it, yet where the testimony is all before the court, if upon any other ground the liability can be sustained upon the proof, the judgment should not be reversed.
The liability of the defendant, upon the facts in evidence upon the trial depends, firstt upon the question whether the plaintiff Avas guilty of negligence in Avalking on the railroad track at the place and time and under the circumstances under Avhich he did it; and secondly whether he might walk on the track and rely upon a signal for the moving of the train to notify him to leave the track.
These questions involve nothing more nor less than the doctrine of negligence on the part of the defendant, and *127 contributory negligence on the part of the plaintiff. Adoctrine so well settled that no authorities need be cited to direct in its application to this ease.
•The plaintiff knowing that the tiain would soon move backward, went upon the track at a station a few yards in the rear of.the train, and thence walked from the train, and did not take the care to look around, or in any way keep a lookout for its movements until the backing cars struck him, and this, when there was nothing to hinder him from turning around, and nothing to prevent him from plainly seeing the train if he had looked for it.
It cannot be otherwise than that this is such negligence on the part of the plaintiff as should prevent his recovery, unless he had shown that the men operating the train wilfully and purposely ran the cars against him. He voluntarily and needlessly put himself in a highly dangerous place, a place, however, wheré he might go without incurring any liability as a wrong-doer; but where his own safety-required his attention to his surroundings without one moment’s interruption. If he risked himself in such a place, he must take whatever injury came from his own want of attention to his danger.
Shall the plaintiff walk upon the track and depend upon a signal for .the moving of the train, to notify him of danger? In doing this he took all risks upon himself. The men operating the train were under no obligation to signal the moving forward or backward. The)1- did that, if at all, for their own convenience, not to notify persons to get off the track. And certainly no such signal should be required when no one was «seen upon the track.
The plaintiff does not claim that as matter of law he was entitled to this notice. He was not crossing the track at a highway; but he claims that, knowing the custom or rule of the defendant to give a signal for moving in either direction, he might safely rely, and did rely, on the fact that the train would not move without giving a signal.
The plaintiff was in a. place of too great danger to hazard his safety upon a signal which might or might not be given.
*128 The uncertainty that the signal would be given, or that he would hear it in time to avoid danger was too great to authorize him to omit all further care or watchfulness, and depend upon the signal alone. The plaintiff, Depew, urns therefore clearly so careless and negligent in keeping watch of this train that his injury came from his own fault. It does not appear that the defendant was in any fault. Its employés backed the train, at a speed and in a way not unusual, and struck the plaintiff, not seeing him or knowing he was on the track.
The instruction to the jurjr requested to be given by the defendant in the common pleas, and which was refused by the court, states the exact rule of liability in the case.
This request proceeds upon the ground that the plaintiff, while walking on the railroad near where ears were standing and liable to move at any moment, was not entitled to notice or signals of the moving of the cars. And the railroad would not be liable for his injury unless the men in charge of the train knew he was on the track and failed to give him warning of the movement. This instruction should have been given, and its refusal we think was error.
The court thereupon did instruct the jury that if there was a custom or rule of the defendant to give a signal by bell or whistle, when a train is about, to be moved, and that the rule was notorious and known .to the plaintiff and the employés of the railroad omitted to give the signal, and that by reason of .such omission the plaintiff was injured, without any fault or negligence on his part contributing to the injury, the defendant would be liable.
This instruction nmke.s the liability of the defendant to turn upon the omission to give the signals. It assumes that’ when the plaintiff went upon the track, he might safely remain there until he got a signal to leave it, or that he might remain there relying that the signal would be given, and he would hear it in time to avoid danger. And it implies an obligation to give the signal.
For reasons already stated we think there is error in this *129 instruction. It is also misleading. It implies that if the signals were omitted the defendant would be liable, if the plaintiff were guilty of nothing more than walking on the track. The charge states that if the plaintiff was injured without any fault or negligence on his part the defendant would be liable; but omits to state what would be fault or negligence on his part.
The jury with this instruction thus incomplete would readily conclude that as the walking on the track without a constant lookout for moving cars was not designated as negligence, there was none on the part of the plaintiff; and the only question of fact left to be determined from the evidence was the omission to give the signals. And hence the liability of the defendant depended wholly upon that fact.
The question of negligence is generally a mixed question of law and fact, and a charge to a jury that a plaintiff must be without fault or negligence, without stating what facts in the case would be fault or negligence, leaving the jury to find what the facts are, is a statement of an abstract rule of law, and leaves the jury without any direction as to the legal effect of the principal facts of the case.
On the trial in the common pleas after the plaintiff had rested his case, the defendant moved the court to direct the jury to return a verdict for the defendant upon the case made by the plaintiff. This motion was overruled and refused, and this refusal is assigned for error.
The view we take of the case does not make it necessary to determine whether there was error or not in this action of the court. We are of opinion that the proof of negligence on the part of the plaintiff was so clear, and the proof of negligence on the part of the defendant was so slight, as to require the court to set aside a verdict fpr the plaintiff on such evidence. It follows from this that the assignment of error that the verdict is not .sustained by sufficient evidence is fully sustained.
Judgment reversed.